UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY

VAZQUEZ HELDMAN
Jeffrey Heldman, Esq. (013302012)
18 Hook Mountain Road, Suite 201
Pine Brook, New Jersey  07058
P: 973-434-7062
E: jheldman@vazquezfirm.com
Attorneys for Plaintiff

| | |
|---|---|
| MARMAT NOVELTY, INC., | : |
| | : Civil Action No.: |
| Plaintiff, | : |
| | : |
| | : |
| vs. | : |
| | : **COMPLAINT** |
| | : |
| SEYMOUR COHEN, JMS MARKETING | : |
| LLC d/b/a JMS PROMOS and JMS | : |
| PROMOS, INC. d/b/a JMS NOVELTY, | : |
| | : |
| Defendants. | : |

Plaintiff MARMAT NOVELTY, INC. ("Plaintiff") by way of Complaint, says as follows:

### JURISDICTION AND VENUE

1.     The Plaintiff is a business entity registered under the laws, and transacting business in, the State of New Jersey, with its principal place of business in Parsippany, New Jersey.

2.     Defendant, Seymour Cohen, is a resident of the State of Vermont.

3.     Defendant JMS Marketing LLC (doing business as JMS Promos) is a for profit business entity formed pursuant to the laws of the State of Vermont, with a designated office address in Ludlow,

I

Vermont.

4.   Defendant JMS Promos, Inc. (doing business as JMS Novelty) is a for profit corporate entity formed pursuant to the laws of the State of Vermont, with a designated office address in Ludlow, Vermont.

5.   Venue is appropriate in this judicial district under 28 U.S.C. §1332 because the amount in controversy, without interests and costs, exceeds the sum or value specified in the statute, and the parties are citizens of different states.

6.   Further, the events that gave rise to this Complaint occurred in this district.

**PARTIES**

7.   Plaintiff Marmat Novelty, Inc. ("Marmat") is a duly formed New Jersey business entity engaged in the business of retail candy, mints and novelty sales, with its offices located at 1259 Route 46, Parsippany, New Jersey 07954.

8.   Defendant Seymour Cohen("Cohen") is an individual residing at 790 Chapman Road, Ludlow, Vermont 05149.

9.   Defendant JMS Marketing LLC is a registered domestic limited liability company of the State of Vermont with a designated office address of 790 Chapman Road, Ludlow, Vermont 05149.

10.   Defendant JMS Marketing LLC also registered the assumed name of JMS Promos with the State of Vermont.

11.   Defendant JMS Promos, Inc. is a registered domestic

2

corporation of the State of Vermont with its principal office located at 790 Chapman Road, Ludlow, Vermont 05149.

12.   Defendant JMS Promos, Inc. also registered the assumed name of JMS Novelty with the State of Vermont.

## GENERAL ALLEGATIONS

13.   On or about January 5, 2004 Plaintiff and Cohen entered into an agreement (the "Contract") whereby Plaintiff retained Cohen to perform sales, marketing, and promotion of Plaintiff's business and products.

14.   The Contract contains a restrictive covenant to not compete both "during the term of the Agreement and for a two (2) year period after termination . . .."

15.   The Contract contains a liquidated damages clause which calculates contractual damages at the rate of three times the prior year's gross billing per customer.

16.   The Contract contains a confidentiality clause which defines confidential information and proprietary information to include, but not limited to, "customer lists, supplier lists . . .."

17.   The Contract contains a non-interference clause whereby Cohen agreed to not "interfere with the Company's relationship with any of its suppliers, customers or employees."

18.   The Contract contains a clause electing the agreement to be "interpreted, enforced and construed in accordance with . . . the laws of the State of New Jersey."

19. The Contract automatically renewed for each successive one year period unless terminated by either party upon ninety days advance notice.

20. By the terms of the Contract Cohen was to continue servicing existing business, solicit new business, and develop relationships with both existing and new clients.

21. The parties agreed there were existing clients, referral clients, and new clients, and all these clients were confidential information and property of the Plaintiff.

22. Cohen received commissions for the work he performed and was paid a percent of the gross profit.

23. On or about the first week of January 2021, Cohen called defendant's agent and resigned his position effective immediately, without giving ninety days advance notice of same.

### CONTEMPORANEOUS COMPETITION

24. Subsequent to entering into the Contract with Plaintiff Cohen registered the corporate entity "JMS Promos, Inc." with the State of Vermont on or about April 7, 2004.

25. In addition, on or about June 10, 2004 JMS Promos, Inc. registered the assumed name of "JMS Novelty" with the State of Vermont.

26. JMS Novelty listed its business description in its registration as "personalized candy."

27. Seymour Cohen's residence address is listed as the

4

principal office for JMS Promos, Inc., and he is listed as the President and Registered Agent for this company.

28.  Cohen formed and registered the limited liability company "JMS Marketing LLC" with the State of Vermont on or about May 1, 2008.

29.  JMS Marketing LLC listed its business description in its registration as "sales."

30.  In addition, on or about May 5, 2008 JMS Marketing LLC registered the assumed name of "JMS Promos" with the State of Vermont.

31.  JMS Promos listed its business description in its registration as "sale of promotional goods."

32.  Cohen is listed as the sole member of JMS Marketing LLC.

33.  Cohen's residence address is listed as the designated office address for this company.

34.  On or about April 13, 2021, JMS Marketing LLC registered as a foreign limited liability company with the State of New Hamshire with a principal office address of 12 Block Avenue, Unit #57, Claremont, New Hampshire 03743.

35.  Cohen is listed on the registration paperwork as the President and registered agent of JMS Marketing LLC.

36.  The email address associated with the state filing is "info@jmspromos.com".

37.  Plaintiff has continued to hemorrhage its client base from 2004 through to the present time, and, upon information and belief, the defendants service those clients to enrich themselves.

## COUNT 1
## Breach of Contract

38. Plaintiff repeats and reiterates each and every allegation contained in the previous sections of the complaint and make each a part hereof.

39. Subsequent to executing the agreement with Plaintiff, Cohen created multiple business entities with the intention to pass confidential information, including client and supplier lists.

40. The confidential information was used to compete with the Plaintiff.

41. Defendant JMS Promos, Inc. d/b/a JMS Novelty operated from 2004 to the present and interfered with existing and prospective clients of Plaintiff.

42. In addition, JMS Promos, Inc. interfered with Plaintiff's suppliers.

43. Defendant JMS Marketing LLC d/b/a JMS Promos operated from 2008 to the present and interfered with existing and prospective clients of Plaintiff.

44. In addition, JMS Promos, Inc. interfered with Plaintiff's suppliers.

45. Cohen violated his restrictive covenant contemporaneous to his employment with Plaintiff.

46. Cohen violated his restrictive covenant after termination of his employment with Plaintiff.

6

47. Cohen has violated his obligation to refrain from using or passing to others to use confidential and proprietary information.

48. Cohen has violated the non-interference provision of the Contract.

49. The actions and conduct of Defendants constitute a breach of contract.

50. As a result of Defendants' breach, Plaintiff has suffered damages.

**WHEREFORE** the Plaintiff demands judgment against the Defendant as follows:

a) Injunctive relief ordering Cohen, JMS Promos, Inc. and/or JMS Marketing LLC to cease and desist the use of confidential and proprietary information gleaned from Plaintiff;
b) Enforcing the covenant not to compete as to Cohen;
c) Enforcing the non-interference covenant as to Cohen;
d) Compensatory damages, trebled;
e) Incidental damages;
f) Consequential damages;
g) Restitution;
h) Attorney fees;
i) Interest;
j) Costs of suit; and
k) Any other relief that this Court deems equitable and just.

## COUNT 2
### Breach of the Implied Covenant of Good Faith and Fair Dealing

51. Plaintiff repeats and reiterates each and every allegation contained in the previous sections of the complaint and make each a part hereof.

52. The aforementioned actions of the Defendant constitute a

breach of the implied covenant of good-faith and fair dealing.

**WHEREFORE** the Plaintiff demands judgment against the Defendant as follows:

      a) Compensatory damages;
      b) Incidental damages;
      c) Consequential damages;
      d) Restitution;
      e) Attorney fees;
      f) Interest;
      g) Costs of suit; and
      h) Any other relief that this Court deems equitable and just.

### COUNT 3
### Unjust Enrichment

53. Plaintiff repeats and reiterates each and every allegation contained in the previous sections of the complaint and make each a part hereof.

54. The defendant entities used stolen confidential information to build its customer base to the detriment of Plaintiff.

55. The defendants illicitly service the Plaintiffs clients to enrich themselves.

56. In addition, Talbot Funeral Parlor issued a check in payment of Plaintiff's invoice, in the amount of $409.74, but Cohen intercepted the check and deposited to his or one of the defendant business entities' bank account to enrich himself.

57. As a direct and proximate result of the foregoing, Defendants have been unjustly enriched and Plaintiff has been severely damaged.

**WHEREFORE** the Plaintiff demands judgment against the Defendant as follows:

- a) Compensatory damages;
- b) Incidental damages;
- c) Consequential damages;
- d) Restitution;
- e) Attorney fees;
- f) Interest;
- g) Costs of suit; and
- h) Any other relief that this Court deems equitable and just.

## COUNT 4
## Negotiable Instrument Forged or Stolen

58.   Plaintiff repeats and reiterates each and every allegation contained in the previous sections of the complaint and make each a part hereof.

59.   Cohen and/or his business entities endorsed and negotiated a payment which was meant for Plaintiff.

60.   Plaintiff has been damaged by this act.

**WHEREFORE** the Plaintiff demands judgment against the Defendant as follows:

- a) Compensatory damages;
- b) Incidental damages;
- c) Consequential damages;
- d) Restitution;
- e) Attorney fees;
- f) Interest;
- g) Costs of suit; and
- h) Any other relief that this Court deems equitable and just.

9

VAZQUEZ HELDMAN

By: _____

JEFFREY HELDMAN, ESQ.
Attorneys for Plaintiff

Dated: September 7, 2021

10